UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BUNNY K.K., <br><br> Plaintiff, <br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | CASE NO. 2:24-CV-5086-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff filed this action under 42 U.S.C. § 405(g) seeking judicial review of Defendant's denial of her applications for supplemental security income benefits ("SSI") and disability insurance benefits ("DIB").[1] The parties agree the Administrative Law Judge ("ALJ") committed reversible error in considering certain medical opinion evidence. However, the parties disagree regarding whether this matter should be reversed and remanded for an award of benefits or remanded for further administrative proceedings. After considering the record, the Court finds Plaintiff has not demonstrated that extraordinary circumstances exist requiring remand with a

---

[1] Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73, and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 3.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 1

### III. Discussion

Plaintiff argues the ALJ erred in evaluating certain medical evidence, Plaintiff's subjective symptom testimony, and lay witness evidence, resulting in an erroneous determination of her residual functional capacity ("RFC"). Dkt. 18 at 2. She contends the proper remedy for these errors is remand for an award of benefits. *Id.* The Commissioner concedes that the ALJ erred in failing to explain how he considered the supportability of certain medical opinions. Dkt. 23 at 1. However, the Commissioner argues the appropriate remedy for these errors is remand for further administrative proceedings. *Id.* at 1–2.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (quoting *INS v. Ventura*, 537 U.S. 12, 16 (2002)). The Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed[.]" *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, under this "credit-as-true" test, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

An ALJ's errors are relevant only to the extent they impact the underlying question of the Plaintiff's disability. *Strauss v. Comm'r of the Soc. Sec. Admin.*, 635 F.3d 1135, 1138 (9th Cir. 2011). "A claimant is not entitled to benefits under the statute unless the claimant is, in fact,

disabled, no matter how egregious the ALJ's errors may be." *Id.* Therefore, even if the "credit-as-true" conditions are satisfied, a Court should nonetheless remand the case if "an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Garrison v. Colvin*, 759 F.3d 995, 1021 (9th Cir. 2014).

After reviewing the record, the Court concludes Plaintiff has not shown that the record is free from important and relevant conflicts and issues remain that must be resolved concerning Plaintiff's functional capabilities and her ability to perform other jobs existing in significant numbers in the national economy. The resolution of these issues impacts the underlying question of Plaintiff's disability. Therefore, remand for further administrative proceedings is appropriate. The parties agree that, on remand, the ALJ must re-evaluate all medical and nonmedical evidence in the record, including Plaintiff's subjective symptom testimony and the lay witness testimony; reassess Plaintiff's impairments at steps two and three, her RFC, and her ability to work at steps four and five; and offer Plaintiff the opportunity for a new hearing and further development of the record before issuing a new decision. *See* Dkts. 23 at 3; 24 at 2.

### IV.    Conclusion

Based on the foregoing reasons, the Court accepts Defendant's concession that the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 27th day of September, 2024.

David W. Christel
United States Magistrate Judge